IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUSAN SANDS-WEDEWARD,                                        OPINION and ORDER

      Plaintiff,                                                                      16-cv-334-bbc

    v.

SECRETARY OF DEPARTMENT OF HEALTH
& SERVICES and ATTORNEY GENERAL BRAD
SHIMEL,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Susan Sands-Wedeward has filed this proposed civil action against defendants Secretary of Department of Health & Services and Attorney General Brad Shimel. Plaintiff has also filed a request to proceed in forma pauperis under 28 U.S.C. § 1915. Magistrate Judge Stephen Crocker has determined that plaintiff is unable to prepay the fees and costs required to commence a civil action in this court, so plaintiff's complaint is ready for screening under 28 U.S.C. § 1915(e)(2).

      After carefully reviewing plaintiff's complaint and accompanying exhibits, I conclude that plaintiff's lawsuit cannot proceed at this time because she has failed to comply with Federal Rule of Civil Procedure 8, which requires plaintiffs to provide defendants fair notice of the facts underlying their claims. Although it appears that plaintiff's claims relate primarily to an alleged injury she suffered in 2006 while working for the United States Postal Service, the complaint does not set forth facts describing how she was injured or explaining

1

why defendants are responsible for her injuries. Plaintiff's complaint also contains discrete accusations of fraud and attempted murder, but these allegations are also undeveloped and vague.

Unfortunately, plaintiff's complaint is so vague that it is difficult to provide her any specific guidance regarding how she might amend it so that it satisfies the "fair notice" requirement embodied by Federal Rule of Civil Procedure 8. In the event that plaintiff chooses to file an amended complaint, she should draft the amended complaint so that it tells the story of how she was injured, including who injured her and when and where she was injured. In other words, plaintiff should provide the details and context necessary for a person reviewing the complaint to understand why plaintiff believes that each defendant violated her rights.

However, before plaintiff drafts and files an amended complaint, plaintiff is advised that, even if she satisfies Rule 8's notice requirement, her case may be subject to dismissal if her claims are the same ones she raised in Sands-Wedeward v. Department of Health Services, 2015-cv-2277 (Dane Cty. Cir. Ct.). Court records indicate that this civil suit was dismissed with prejudice on February 23, 2016. (Plaintiff states that this case is "now being moved into the United States District Court for the Western District of Wisconsin."). Under the doctrine of "claim preclusion," if a plaintiff files a lawsuit in one court and her claims are dismissed, she cannot get a "do-over" simply by filing the same claims in another court. Wilhelm v. County of Milwaukee, 325 F.3d 843 (7th Cir. 2003) ("The rule bars relitigation of the same cause of action between the same parties where the first litigation

resulted in a valid, final judgment on the merits.").

## ORDER

IT IS ORDERED that

1. Plaintiff Susan Sands-Wedeward's complaint is DISMISSED for failing to provide fair notice of her claims in accordance with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until July 20, 2016 to file an amended complaint that complies with the Federal Rules of Civil Procedure.

Entered this 8th day of July, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge