IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUSAN SANDS-WEDEWARD,                                    OPINION AND ORDER

       Plaintiff,                                                          16-cv-334-bbc

   v.

SECRETARY OF DEPARTMENT OF HEALTH
& SERVICES and ATTORNEY GENERAL BRAD
SCHIMEL,

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff Susan Sands-Wedeward has filed this civil lawsuit against defendants Secretary of Department of Health and Services and Attorney General Brad Schimel. Because plaintiff is seeking leave to proceed in forma pauperis and without prepayment of the filing fee required in civil cases, her claims are subject to screening pursuant to 28 U.S.C. § 1915(e)(2). In a previous order entered on July 8, 2016, I dismissed plaintiff's original complaint on the ground that she failed to provide defendants fair notice of her claims in accordance with Fed. R. Civ. P. 8. I gave plaintiff an opportunity to submit an amended complaint setting forth the additional facts supporting her claims, which she has now done. After reviewing plaintiff's proposed amended complaint, I conclude that plaintiff's allegations are frivolous and fail to state a claim upon which relief may be granted.

1

OPINION

Plaintiff's proposed amended complaint is little more than a series of disjointed and far-fetched allegations focused primarily on the purported fraudulent and conspiratorial actions of her ex-husband, William Ernest Wedeward. She alleges that in 2006 William convinced plaintiff's fellow United States Postal Service employees to try to kill her while she was working on an "SPBS machine." After plaintiff survived this alleged attack, William initiated divorce proceedings and forged various documents so that he could get sole custody of the couple's children and could retain the rights to a purported "utility patent" worth $1.7 million dollars. Plaintiff has tried to get a copy of these forged documents, but unfortunately they were destroyed when William set fire to the government building in which they were being kept.

In addition to plaintiff's allegations against William, she contends that various "co-workers, attorneys, judges, neighbors, and family members" who have invested in the utility patent are "attempting to kill her daily over the invention." Plaintiff also accuses these individuals of "racketeering" and conspiring to deny her unemployment compensation, social security disability insurance, medical insurance and other government benefits. This conspiracy allegedly has "caused several murders," including the murder of plaintiff's former divorce attorney, Michael Stoker. It is entirely unclear what role defendants Schimel and the Secretary of Department of Health and Services played in this conspiracy against plaintiff.

I have no choice but to dismiss plaintiff's complaint on the grounds that is frivolous,

malicious and fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). Plaintiff's contention that a cabal of individual actors, government entities, state officials and judges (including myself) have conspired to murder her, steal her intellectual property and deny her various welfare benefits is so delusional and fantastic that it crosses the line separating the merely unlikely from the entirely implausible. Claims that are merely unlikely have a place in federal court. However, "entirely implausible" claims, such as the ones set forth in plaintiff's proposed amended complaint, must be dismissed with prejudice. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (holding that a district court may dismiss a complaint as "factually frivolous" if the facts are "fanciful," "fantastic" or "delusional."); Gladney v. Pendleton Correctional Facility, 302 F.3d 773, 774 (7th Cir. 2002) ("Usually suits are dismissed as frivolous because there is absolutely no legal basis for the plaintiff's claim. Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ("delusional" is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity."). Whether a claim is factually frivolous is a question left to the discretion of the district court reviewing the complaint. Denton, 504 U.S. at 31 ("[F]rivolousness is a decision entrusted to the discretion of the court entertaining the in forma pauperis petition.").

This is not the first time plaintiff has filed a groundless lawsuit in this court. Sands-Wedeward v. Donahue, 12-cv-266 (W.D. Wis.); Sands-Wedeward v. Astrue, 12-cv-491 (W.D. Wis.); Sands-Wedeward v. University Hospital and Clinics Medical Foundation, 13-cv-632 (W.D. Wis.); Sands-Wedeward v. United States Department of

Labor, 15-cv-25 (W.D. Wis.). Although plaintiff made it past the motion to dismiss stage in one of her cases, Sands-Wedeward v. Local 306 National Postal Mail Handlers Union, 13-cv-100 (W.D. Wis.), allowing her to do so turned out to be a mistake. Not only did plaintiff fail to produce any evidence whatsoever to substantiate her claims, but throughout the litigation she accused the court of accepting bribes, fabricating evidence and engaging in all sorts of malfeasance. Id., dkt. #42. ("Now let's talk about Bribes Ms. Crabb. I want you to know I feel you are right in on this[.] . . . I would like a response within one Month so I may move forward against you and my enemies in the Supreme Court. You may have some knowledge of man's laws, [but] you have no knowledge of GOD's Laws."). It comes as little surprise that plaintiff's malicious accusations feature prominently in her current lawsuit. Dkt. #6 at 5 ("I am stating for the record that you obstructed justice with made up lies and altered and made up fake records. . . . You went along with all of this to gain money [for] the 'Good Old Boys Club'.").

There are limits to how much time the court can spend entertaining litigants such as plaintiff, whose incessant filings waste judicial resources and drown out the pleas of individuals whose grievances actually have merit. Accordingly, as of this order, plaintiff is advised that if she files anymore frivolous lawsuits in this court related to her 2006 injury, her divorce proceedings, her interest in the "utility patent" or any of the other alleged misconduct described in her most recent complaint, she will be sanctioned and subject to a filing bar prohibiting her from filing any documents with the court unless they relate to a criminal matter in which she is a defendant. See, e.g., Support Systems International, Inc.

4

<u>v. Mack</u>, 45 F.3d 185, 186 (7th Cir. 1995) (allowing court to impose monetary sanctions on litigants filing frivolous claims and bar them from filing any additional materials or documents until sanctions are paid).

## ORDER

IT IS ORDERED that plaintiff Susan Sands-Wedeward's proposed amended complaint, dkt. #6, is DISMISSED with prejudice on the grounds that it is frivolous and fails to state a claim upon which relief can be granted. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 27th day of July, 2016.

                                                 BY THE COURT:
                                                 /s/
                                                 BARBARA B. CRABB
                                                 District Judge